**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **v.** | : **3:20-CR-18** |
| | : **(JUDGE MARIANI)** |
| **JOSE VARGAS,** | : |
| | : |
| **Defendant.** | : |

## MEMORANDUM

### I. INTRODUCTION

Defendant's "Motion for New Trial Pursuant to Rule 33 of the Fed. R. Crim. Code of

Proceeding" (Doc. 206) and "Motion to Supplement Motion for New Trial Pursuant to

Federal Rule of Criminal Procedure 33" (Doc. 215) are pending before the Court.  The

following grounds for a new trial pursuant to Rule 33 are stated or implied in Defendant's

Motions and related briefs (Docs. 206, 215, 216, 221): 1) the post-sentencing presence in

the United States of an individual who cooperated with the Government in this case and

was unavailable for trial, Ramon Medina Colon, is "newly discovered evidence" for purposes

of Rule 33 (Doc. 206 at 11); 2) Colon's criminal records obtained by Defendant after the trial

are new evidence (Doc. 221 at 6); 3) had Colon testified, his credibility would have been an

issue (Doc. 206 at 4); 4) deporting Colon before trial violated *Brady v. Maryland*, 373 U.S.

83 (1963), *United States v. Valenzuela-Bernal*, 458 U.S. 873 (1982), and due process rights

(Doc. 206 at 10-11; Doc. 216 at 1); 5) this Court erred when it found Colon's deportation

permissible (Doc. 216 at 1); and 6) the Court should have given a missing witness instruction (*id.* at 2).

The Court will grant Defendant's "Motion to Supplement Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33" (Doc. 215) to allow for full consideration of Defendant's arguments. For the reasons set forth below, the Court will deny Defendant's "Motion for New Trial Pursuant to Rule 33 of the Fed. R. Crim. Code of Proceeding" (Doc. 206).

## II. BACKGROUND

As summarized in the Third Circuit's October 3, 2025, Opinion, which affirmed Defendant's convictions and granted appellate counsel's motion to withdraw, charges against Defendant originated with Ramon Medina Colon's agreement to cooperate with law enforcement. *United States v. Vargas*, No. 24-2318, 2025 WL 2813597 (3d Cir. Oct. 3, 2025) (not precedential).

> While incarcerated, Ramon Medina Colon agreed to cooperate with law enforcement and placed recorded calls to Vargas about Vargas's retrieval of a backpack containing drugs from a car. During their calls, Vargas and Colon referred to the items Vargas would receive as "papers," "the book," and "jewelry," among other things. Dist. Ct. Dkt. ECF 198 at 5, 72-73, 85, 93. At one point, Colon asked Vargas what it would cost to transport the items to New York and Vargas provided Colon a price. Thereafter, a member of Colon's family delivered to the police a backpack containing, among other things, approximately 2,500 grams of methamphetamine. The police then replaced the contents with "sham" drugs and placed the backpack in a car.
>
> Law enforcement thereafter observed Vargas leave his home, go to the parked car, and attempt to enter it, but the vehicle was locked. Colon and Vargas spoke again on the phone and Colon told Vargas that there was a key

2

> on the car's tire. Shortly thereafter, Vargas contacted Francis Fermin and offered him $200 to retrieve the backpack, and Fermin agreed. Fermin then went to the car, obtained the key, unlocked the car, removed the backpack, and drove away. Police arrested Fermin and Vargas. Vargas was found with approximately $4,600 in cash, empty zip-top bags, and multiple cell phones. Colon was deported.
>
> Vargas was charged with: (1) attempted possession with intent to distribute 500 grams or more of a substance containing methamphetamine and (2) conspiracy to distribute and possess with intent to distribute 500 grams or more of a substance containing methamphetamine, both in violation of 21 U.S.C. § 846. At trial, the Government presented the recorded calls, as well as testimony from law enforcement officers and Fermin. Fermin testified that he believed that Vargas was a drug dealer who hired him to retrieve the backpack and Vargas had said that "he felt like he was being followed ... [by] Federal officers." Dist. Ct. Dkt. ECF 198 at 125. A jury convicted Vargas of both offenses and he was sentenced to the mandatory minimum sentence of ten years on each count, to run concurrently. 21 U.S.C. § 841(b)(1)(A).

2025 WL 2813597, at *1.

Defendant filed his Rule 33 motion (Doc. 206) on August 28, 2025, while the appeal

of his conviction was pending in the Circuit Court. As noted above, the Circuit Court

affirmed in the October 3, 2025, non-precedential opinion. Defendant filed the petition for

Rehearing and Rehearing En Banc on November 14, 2025. (App. Ct. Dkt. ECF 56.) The

Petition was denied by Order of December 3, 2025, and the Mandate issued on December

11, 2025. (App. Ct. Dkt. ECF 57, 58; *see also* Dist. Ct. Dkt. ECF 213.)

The Circuit affirmed the issues identified by counsel that Defendant had asked him to

raise:[1]

---

[1] Defendant's counsel, David Cherundolo, Esquire, filed a motion to withdraw and submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). 2025 WL 2813597, at *1-2.

Counsel explained why the two arguments that Vargas asked counsel to raise on appeal were frivolous. Specifically, counsel concluded that (1) Vargas's Confrontation Clause rights were not violated when the recorded calls were played because Colon's testimony was not offered against him at trial and (2) Vargas's rights under the Compulsory Process Clause were not violated because there was no evidence that Colon would have offered material testimony favorable to Vargas. . . .

Our independent review of the record accords with counsel's assessment, and none of the issues Vargas raises pro se lead to a different conclusion.

2025 WL 2813597, at *2.

The Circuit Court also determined that only one issue raised by Defendant pro se warranted further discussion, i.e., "that the evidence was insufficient to support his conviction for conspiracy and attempted possession with intent to distribute a controlled substance." *Id.* at *3. The Circuit Court set out the relevant standard and assessed Defendant's sufficiency claim.

In assessing sufficiency, "[w]e review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt[] beyond a reasonable doubt." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc) (internal quotation marks omitted). "While evidence proffered at trial may be consistent with multiple possibilities, our role as a reviewing court is to uphold the jury verdict—and not to usurp the role of the jury—as long as it passes the 'bare rationality' test." *Id.* at 432.

Here, there would be no arguable merit to a sufficiency of the evidence claim. The jury heard evidence that (1) Vargas and Colon discussed the transaction in recorded calls, (2) law enforcement observed Vargas attempt to enter the car in which Colon had indicated he would place the backpack that had contained the drugs, (3) Vargas offered to pay Fermin to pick up the backpack for him and Fermin testified that he believed Vargas was a drug-dealer concerned about being followed by law enforcement, and (4) Vargas

4

was found with approximately $4,600 in cash, multiple cell phones, which contained evidence of the recorded calls to Colon, and empty zip-top bags, which could be used to package the drugs for distribution. Given this evidence, Vargas's claim that the jury's verdict fails to pass the "bare rationality" test lacks arguable merit. *Id.*

2025 WL 2813597, at *3-4.

In the margin, the Circuit Court addressed additional issues raised by Defendant pro se.  2025 WL 2813597, at *3 nn.8, 9.  First, the Circuit Court noted that Defendant's argument that he and Colon were arranging a purchase of gold jewelry rather than drugs "lacks even arguable merit":

> the only reference to jewelry was in one call, and it was used along with many other nouns, including "documents," "papers," and "book," to refer to the same to-be-exchanged item. Dist. Ct. Dkt. ECF 198 at 5, 72-73, 85, 93 & ECF 199 at 88. The jury was entitled to infer that the use of these various words was an effort to conceal the subject of their discussion, and we must defer to the jury's appraisal of the evidence and its conclusion that the discussion was about drugs. *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 431 (3d Cir. 2013) (en banc).

2025 WL 2813597, at *3 n.8.  Second, the Circuit Court noted that Defendant's argument that he was entitled to a missing witness jury instruction "has no arguable merit because the jury received such an instruction." *Id.* at n.9.

### III. STANDARD OF REVIEW

A defendant may move for a new trial pursuant to Federal Rule of Criminal Procedure 33.  Rule 33 provides as follows:

> **(a) Defendant's Motion.** Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If

5

the case was tried without a jury, the court may take additional testimony and enter a new judgment.

**(b) Time to File.**

    **(1) Newly Discovered Evidence.** Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

    **(2) Other Grounds.** Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

(Fed. R. Crim. Pro. 33.)

The Third Circuit has explained that

"[u]nlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." *United States v. Johnson,* 302 F.3d 139, 150 (3d Cir. 2002). However, even if a district court believes that the jury verdict is contrary to the weight of the evidence, it can order a new trial "only if it believes that there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted." *Id.* (citation and quotation marks omitted). . . . Such motions are not favored and should be "granted sparingly and only in exceptional cases." *Gov't of Virgin Islands v. Derricks,* 810 F.2d 50, 55 (3d Cir. 1987) (citations omitted).

*United States v. Silveus*, 542 F.3d 993, 1004-1005 (3d Cir. 2008).  The defendant "bears

the burden of persuading the trial court that the interest of justice requires the grant of a new

trial." *United States v. Ray*, 2016 WL 5787345, at *3 (M.D. Pa. 2016) (quoting *United States

v. Hammer*, 25 F.Supp. 2d 518, 534 (M.D. Pa. 1998)) (citing *United States v. Amirnazmi*,

648 F. Supp. 2d 718, 719 (E.D. Pa. 2009)).  Where a defendant alleges that the cumulative

6

effect of trial errors resulted in an unfair trial, a new trial is required "only when 'the errors, when combined, so infected the jury's deliberations that they had a substantial influence on the outcome of the trial.'" *United States v. Thornton*, 1 F.3d 149, 156 (3d Cir. 1993) (quoting *United States v. Hill*, 976 F.2d 132, 145 (3d Cir. 1992)).

Third Circuit precedent "instruct[s] that five requirements must be met before a district court may grant a new trial on the basis of newly discovered evidence":

(a) the evidence must be in fact, newly discovered, i.e., discovered since the trial;

(b) facts must be alleged from which the court may infer diligence on the part of the movant;

(c) the evidence relied on, must not be merely cumulative or impeaching;

(d) it must be material to the issues involved; and

(e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Brown*, 595 F.3d 498, 511 (3d Cir. 2010) (quoting *United States. v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006) (quoting *United States v. Iannelli,* 528 F.2d 1290, 1292 (3d Cir. 1976))) (hereinafter "the *Iannelli*" factors or requirements); *see also, United States v. Saada*, 212 F.3d 210, 216 (3d Cir. 2000).  A "movant has a heavy burden in meeting these requirements." *Saada*, 212 F.3d at 216 (internal quotation marks omitted).  The movant's failure to meet even one of the five factors "is a sufficient basis to deny a motion for a new trial." *United States v. Jasin*, 280 F.3d 355, 365 (3d Cir. 2002).

7

> The test to determine whether evidence is "newly discovered" is both objective and subjective: Evidence is not "newly discovered" if it "was [actually] known or could have been known by the diligence of the defendant or his counsel." *See United States v. Bujese*, 371 F.2d 120, 125 (3d Cir. 1967).

*Cimera*, 459 F.3d at 461. *Cf. Jasin*, 280 F.3d at 368 ("the unambiguous language of Rule 33 . . . contemplates granting of a new trial on the ground of 'newly discovered evidence' but says nothing about newly available evidence"); *id.* ("'newly available evidence' is not synonymous with 'newly discovered evidence'"). Further, in evaluating whether the movant has alleged facts from which the court may infer the movant's diligence, the Third Circuit has "consistently focused [its] inquiry on whether the evidence at issue could have been discovered before or at the time of trial with the exercise of reasonable diligence on behalf of the defendant and/or his counsel." *United States v. Kelly*, 539 F.3d 172, 182 (3d Cir. 2008).

## IV. ANALYSIS

Defendant's claims which are not based on newly discovered evidence fail pursuant to Federal Rule of Criminal Procedure 33(b)(2) which requires that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). The jury returned a guilty verdict on October 6, 2023. (Doc. 140.) Defendant filed the pending Rule 33 Motion on August 28, 2025, and the supplemental Motion on December 15, 2025. (Docs. 206, 215.) Therefore, based on untimely filing, Defendant is not entitled to relief on the following claims: 1) Colon's potential testimony and credibility, 2) the impropriety of Colon's

8

deportation pursuant to United States Supreme Court precedent and Defendant's due process rights, 3) this Court's ruling on the deportation issue, and 4) the need for a missing witness instruction.[2]

Turning now to Defendant's claims of newly discovered evidence, the Court concludes that neither Colon's post-trial presence in the United States nor Colon's newly obtained criminal history records satisfy the "newly discovered evidence" requirements set out above.

Although Defendant discovered that Colon was in the United States after Defendant's trial in October of 2023, the fact remains that Colon was unavailable at the time of trial.[3]  Because Colon was properly found to be unavailable at the time of trial, the "newly

---

[2] As set out in the Court's review of the Circuit Court's October 3, 2025, Opinion, *see supra* pp. 2-5, each of Defendant's untimely issues presently raised pursuant to Rule 33 was substantively addressed and rejected by the Circuit Court.

[3] The Government's opposition brief expands upon the deportation basis for unavailability asserted at trial.  At trial the AUSA stated that Colon was unavailable and there would be testimony from Brian Schoonmaker, the lead agent in the investigation, that Colon had been deported "years ago." (Doc. 198, Trial Transcript ("T. Tr.") Day 2 12:5.)  This assertion came in response to the Court noting that it would be the Government's obligation to establish that Mr. Colon is unavailable. . . . [I]t's no secret that an arrest warrant for him was issued as a material witness and that he was not able to be located." (*Id.* 11:24-12:2.) The AUSA added that Mr. Schoonmaker was also "familiar with the warrant being issued and that law enforcement have not been able to locate this witness." (*Id.* at 12:6-7.)

The Government now asserts that

[o]n February 15, 2022, Medina-Colon was removed to Mexico, without the U.S. Attorney's Office prior knowledge or consent. A true and accurate copy of Medina-Colon's Warrant of Removal/Deportation is attached to this response, with appropriate redactions of personal identification information, as Government's Exhibit 1.

On July 1, 2023, Medina-Colon was arrested in Butler Township, Pennsylvania (Luzerne County) and charged by criminal complaint for committing several crimes,

discovered evidence" of his incarceration "approximately one month after" Defendant was

sentenced on June 6, 2024 (*see* Affidavit of Jose L. Vargas, Doc. 206-2 at 1) is not "material

to the issues involved," *Brown*, 595 F.3d at 511.  Further, Defendant cannot show that "the

newly discovered evidence would probably produce an acquittal," *id.*, given the Circuit

Court's assessment that "there is no basis to conclude that Colon would have testified in a

manner favorable to Vargas."  (2025 WL 2813597, at *3 (citing *United States v. Schaefer*,

709 F.2d 1383, 1386 (11th Cir. 1983) (explaining that a "defendant cannot simply

---

including Evading Arrest and Flight to Avoid Apprehension, in violation of Title 18, Pa. C.S.A. Sections 5104.2(A) and 5126(A). True and accurate copies of the Criminal Complaint, Arrest Warrant, Police Incident Report, and Criminal Case Docket Sheet for this matter are attached as Government's Exhibit 2 to this Brief in Response.

After his arrest on July 1, 2023, Medina-Colon was taken to the Lehigh Valley Cedar-Crest hospital for treatment of his injuries sustained during his arrest. Upon being discharged from the hospital, Medina-Colon absconded and his whereabouts were unknown to the Butler Township Police Department officers until his re-arrest on December 13, 2023, over 2 months after the defendant's trial.

Prior to the start of the defendant's trial, in October of 2023, Medina-Colon's whereabouts were unknown to the Government.  At the start of trial, the Government informed the Court and the defendant that Medina-Colon had been deported and that the Government believed this removal was the reason for Medina-Colon's unavailability at trial. (Doc. 198, Pg. 12).

While the defendant had been deported in February of 2022, and subsequently had illegally re-entered the United States at some time prior to July 1, 2023, his whereabouts were still unknown to the Government in October of 2023, and he was therefore unavailable as a witness at the defendant's trial.

(Doc. 218 at 7-9.)

Although the Court would have preferred to have been made aware at the time of trial of the details of Colon's illegal re-entry and subsequent arrest, the additional information now proffered confirms the fact that Colon was unavailable when the Trial was held in October 2023.

10

hypothesize the most helpful testimony the deported witness could provide," and that there must be a "basis [in the] record ... to assume" testimony would be material and favorable).)

Defendant's claim that Colon's criminal record was "newly discovered evidence" for purposes of Rule 33 (Doc. 221 at 6) is also without merit. Defendant avers that it was matters revealed in the Government's brief in opposition to his Rule 33 Motion related to Colon's presence in the United States that led family members to "research[ ] Colon's name in PA court databases, which further revealed that Colon has an extensive criminal history dating back from 2016." (Doc. 221 at 3.) Defendant specifically identifies the following: 1) 2017 conviction for dealing in controlled substances; 2) 2019 conviction for DUI and assault on law enforcement; 3) 2021 conviction for possession with intent to deliver controlled substances; and 4) 2023 conviction for evading arrest and possession of drugs. (Doc. 221 at 3.) Asserting that he meets all the requirements of the *lanelli test*, Defendant contends that

> [t]he criminal records obtained by him within the past few weeks belonging to Colon is in fact newly discovered evidence. Defendant immediately and diligently procured these documents as soon as the Government provided partial information about Colon's criminal record. The plethora of criminal convictions show that Colon was an unreliable CI for the government and this material information was never presented to the jury's consideration. Finally, it is vividly clear that this information, if presented to the trial jury, would conclusively prove that defendant was entrapped by a serial liar and a drug trafficker, named Colon, in an effort to secure leniency to his sentence in State of Pennsylvania.

(Doc. 221 at 6.) The Court disagrees.

First, Defendant's initial Rule 33 filing indicates a long-term acquaintance with Colon and awareness that Colon had previous legal and drug issues. (*See, e.g.*, Doc. 206 at 4, 5, 7.) He knew that Colon was incarcerated when he made phone calls to Defendant about the drug transfer. (*See, e.g.*, Doc. 206 at 5; *see also* Government Trial Exhibits 5.3 at 2, 5.5 at 2, 5.7 at 2.[4]) Thus, the information recently obtained by Defendant merely provides details of what Defendant already knew.

Moreover, in the circumstances presented here, Colon's detailed criminal history is not "material to the issues involved." *Brown*, 595 F.3d at 511. Defendant essentially argues that the outcome of the trial would have been different if the jury knew of Colon's criminal history (*id.*), but this position overlooks facts recognized by the Circuit Court:

> Colon did not testify, and the agents did not relay his statements at trial. Moreover, although the jury heard Colon's words on the recordings, those statements were not admitted for their truth. Rather, they were offered simply to establish the context for Vargas's statements and actions. *See United States v. Hendricks*, 395 F.3d 173, 184 (3d Cir. 2005) (holding that "if a Defendant or his or her coconspirator makes statements as part of a reciprocal and integrated conversation with a government informant who later becomes unavailable for trial, the Confrontation Clause does not bar the introduction of the informant's portions of the conversation as are reasonably required to place the defendant['s] . . . statements into context").

2025 WL 2813597, at *2. Because Colon's statements were not admitted for their truth, the jury's awareness of the details of Colon's criminal history is not material. Further, the jury's

---

[4] Transcripts of prison phone calls between Colon and Defendant indicate that Defendant was informed by an "electronic female voice" at the beginning of each call that the call was from "an inmate at the Luzerne County Correctional Facility," the recipient of the call could accept or reject the call, and the call was subject to monitoring. (Gov't Trial Exhibits 5.3 at 2, 5.5 at 2, 5.7 at 2.)

awareness of the details of Colon's criminal history is not "of such nature [that] on a new trial, the [alleged] newly discovered evidence would probably produce an acquittal." *Brown*, 595 F.3d at 511. Therefore, Defendant does not satisfy the five requirements necessary for a district court to grant a new trial pursuant to Rule 33 on the basis of newly discovered evidence.

Based on this conclusion and the fact that the remainder of Defendant's claims are time-barred, Defendant's Rule 33 Motion (Doc. 206) is properly denied.

## V. CONCLUSION

For the reasons set forth above, Defendant's "Motion to Supplement Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33" (Doc. 215) will be granted and his "Motion for New Trial Pursuant to Rule 33 of the Fed. R. Crim. Code of Proceeding" (Doc. 206) will be denied. A separate Order will enter.

Robert D. Mariani
United States District Judge

13